[Crim. No. 2633. Second Appellate District, Division Two.—February 21, 1935.]

THE PEOPLE, Respondent, v. JASPER D. RICHARDS, Appellant.

John F. Groene for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—Defendant was convicted of murder in the second degree and appeals from such judgment and an order denying motion for new trial.

Deceased, one Esmay, and defendant occupied cabins on the opposite sides of a bungalow court. On the day of the shooting defendant purchased a rifle and sixteen or seventeen cartridges and took them to his home. About 5 o'clock, while still daylight, deceased was standing at a stove in his cabin preparing food, when he was struck by a rifle bullet which killed him. The shot was heard and a puff of smoke was seen near defendant's doorway. On entering defendant's cabin police found him there, together with the rifle, sixteen good cartridges and an empty shell. A ballistic expert testified that a hole in defendant's screen door was apparently caused by a bullet going out, and there were some grains of unburned powder on the inside near the hole similar to that found in the cartridges in defendant's cabin; that a hole was found in the window of deceased's cabin opposite defendant's door, apparently made by a bullet going in, and that the bullet found in the wall on the far side of the cabin of deceased and the empty shell showed they had been used in defendant's rifle.

Defendant, a man of about sixty years of age, told the police that deceased had abused him with insulting words, and the night previous to the shooting had cursed defendant practically all night. He said he expected to go on a prospecting trip and had purchased the rifle for that reason. He denied firing any shot.

The evidence supports the verdict. Malice must be implied from all the circumstances. (Pen. Code, sec. 188.)

Certain instructions are referred to as "being argumentative and not instructions," but a careful examination shows that they are merely statements of law based upon the code or expressly approved by our courts.

Judgment and order affirmed.

Stephens, P. J., and Crail, J., concurred.